# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| BRIAN K. GEORGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 1:17-CV-40 SPM |
| v. | ) |
| | ) |
| DUNKLIN COUNTY JUSTICE CENTER, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the civil complaint filed by *pro se* plaintiff Brian K. George, an inmate at the Dunklin County Jail. Plaintiff initially commenced this action in the United States District Court for the Western District of Missouri, which provisionally granted him leave to proceed *in forma pauperis* and then transferred the matter to this federal judicial district. Having reviewed the motion to proceed *in forma pauperis* that plaintiff submitted when he initiated this case, this Court determines that plaintiff lacks sufficient funds to pay the entire filing fee. The Court will therefore permit plaintiff to proceed herein *in forma pauperis*, and will assess an initial partial filing fee of $40.00, which is twenty percent of plaintiff's stated average monthly account balance. In addition, for the reasons discussed below, the Court will dismiss the complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the

prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In the motion that plaintiff filed when he initiated this case, he stated that the average monthly balance of his prison account is $200.00. The Court will therefore assess an initial partial filing fee of $40.00, which is twenty percent of plaintiff's stated average monthly balance. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances.").

**Legal Standard**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."

*Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, this does not mean that *pro se* complaints may be merely conclusory. Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

**The Complaint**

In the complaint, plaintiff names the Dunklin County Justice Center/Sheriff's Department, the Dunklin County Circuit Court and the Missouri Department of Revenue Driver's License Bureau as defendants in this action. Plaintiff names defendants in both their individual and official capacities.

Plaintiff alleges that the Department of Revenue issued a "10-Year Denial" for a charge that "was not even a reading" on "the BAC/Breathalyzer." Plaintiff states that the Dunklin County Circuit Court pursued prosecution of the charge and knowingly violated its own policies and procedures in doing so. Plaintiff believes he was subjected to a lack of due process, insufficient evidence, lack of scienter, discrimination and harassment.

Plaintiff states that he does not believe that the BAC was a driving offense and he claims that the Sheriff's Department unjustly harassed him and damaged his credit by listing it as a

3

DUI.

Plaintiff seeks monetary damages, including punitive relief. He also seeks a "clear driving record" and "diplomatic immunity."

**Discussion**

Plaintiff's complaint fails to state a claim upon which relief may be granted, as he has not alleged a proper party defendant in this action. Plaintiff cannot state a claim against the Dunklin County Justice Center or the Dunklin County Sheriff's Department because departments or subdivisions of a local government are not suable entities. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such."); *see also*, *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978) (the complaint does not contain any allegations that a policy or custom of Dunklin County was responsible for the alleged violations of plaintiff's constitutional rights). Additionally, Dunklin County Court[1] is also not a suable entity, as it, too is a subdivision of Dunklin County. *Id.*[2]

---

[1] The Eighth Circuit has recognized that clerks of court are absolutely immune from suit for damages for civil rights violations when performing tasks that are an "integral part of the judicial process," unless they acted in the "clear absence of all jurisdiction." *Boyer v. County of Washington,* 971 F.2d 100, 101 (8th Cir. 1992); *see also Maness v. District of Logan County–Northern Div.,* 495 F.3d 943 (8th Cir. 2007) (clerks absolutely immune for acts that may be seen as discretionary or for acts taken at the direction of a judge or according to court rule); *Smith v. Erickson,* 884 F.2d 1108, 1111 (8th Cir. 1989) (a federal court clerk, who allegedly impeded an inmate's access to the courts by intentionally delaying the filing of his complaint and lying to him about its whereabouts, was entitled to judicial immunity because "the filing of complaints and other documents is an integral part of the judicial process").

[2] To the extent plaintiff is asserting a claim against an unnamed prosecutor in this action for filing charges against plaintiff for the alleged DUI, where "the prosecutor is acting as advocate for the state in a criminal prosecution, [] the prosecutor is entitled to absolute immunity." *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996).

Additionally, plaintiff's claim against the Missouri Department of Revenue is barred by the Eleventh Amendment. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978). A suit against the Missouri Department of Revenue is, in effect, a suit against the State of Missouri; however, the State of Missouri is not a a person for purposes of a § 1983 action. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 63 (1989).

Even if plaintiff had named a proper party defendant, his claim would fail. His allegations relate to an ongoing criminal prosecution in Missouri State Court. *See State v. George*, No. 14DU-CR01436-01 (35th Circuit Court, Dunklin County). This Court must abstain from involving itself in an ongoing state criminal prosecution which implicates important state interests. *See Younger v. Harris*, 401 U.S. 37, 46 (1971). If plaintiff feels he has been wrongfully prosecuted he has the ability to raise such an argument in his criminal prosecution in state court, through the aegis of his appointed counsel.

The Court therefore concludes that plaintiff's claims are subject to dismissal on the grounds that they are legally frivolous or that they fail to state a claim upon which relief can be granted, or both. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). The other forms of relief plaintiff seeks are either unavailable in this § 1983 action, or are incomprehensible.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff must pay an initial filing fee of $40.00 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for

an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice because the complaint is frivolous or fails to state a claim upon which relief can be granted or both. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 12th day of April, 2017.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE
